Local Form 4A                                                                                                               March 2013

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.  14-31806 |
| | ) | |
| DARRELL RANDELL CALHOUN, AND | ) | |
| DEBRA ANN CALHOUN, | ) | Chapter 13 |
| | ) | |
| | ) | |
| Debtor(s) | ) | |

### <u>AMENDMENT TO:</u>

### CHAPTER 13 PLAN, INCLUDING NOTICE OF MOTION(S) FOR VALUATION; MOTION(S) TO AVOID CERTAIN LIENS; MOTION(S) FOR ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND NOTICE OF OPPORTUNITY FOR HEARING ON CONFIRMATION OF THE PLAN INCLUDING ALL MATTERS AS SET FORTH IN THE PLAN,
### <u>FOR CASES FILED ON OR AFTER MARCH 1, 2013</u>

Check for motions applicable to this plan amendment:

**( X )  Motion to Value Liens Includes Valuation of Property Securing A Claim**
**( X )  Motion to Value Liens includes Valuation of Property Securing A Claim in an Amount Less than the Amount of the Claim**
**(  )  Motion to Avoid Liens § 522(f)**
**(  )  Motion to Assume  Executory Contracts(s) and Unexpired Leases**
**(  )  Motion to Reject Executory Contract(s) and Unexpired Leases**
**(  )  No motions applicable to this plan amendment**

The Chapter 13 Plan, including certain motions and other provisions, is hereby **amended** as follows:

### PLAN PAYMENTS, PAYMENT INCREASES, ATTORNEY FEES

**1.**    a.  The plan proposes to pay **$3,915.00 for the first month, $2,531.00 for the second month, and $3,235.00 per month for the remaining 58 months** (est. payout to unsecureds **1%**) **OR**

for ____% payout to unsecureds.

b.  If applicable, the plan will also be funded by:_____

c.  The attorney for the debtor(s) has received **$5,000.00** of the total base attorney fee of **$5,000.00**.

## CLASSIFICATION AND TREATMENT OF CLAIMS

**2.    Secured Claims**

a. Treatment of Secured Claims [using treatment terms shown in ¶ 4a of the Plan]:

| Creditor | Collateral | Value of Coll. | Claim Amt. | Treatment | Int. Rate | Equity available to secure claim |
|---|---|---|---|---|---|---|
| 1. Affiliated Mort. Services | 250 Carlile Dr. Lexington, NC 27295 | $196,750.00 | $130,434.82 | Conduit | 0.0% | $130,433.82 |
| | .220 acres on Carlile Dr. Lexington, NC 27295 | $1.00 | | | | $1.00 |
| 2. Fidelity Bank | 250 Carlile Dr. Lexington, NC 27295 | $196,750.00 | $111,547.13 | Direct (beginning 01/01/15) | 0.0% | $66,316.18 |
| | .220 acres on Carlile Dr. Lexington, NC 27295 | $1.00 | | | | $0.00 |
| | 7.93 acres in Swain County, NC | $29,000.00 | | | | $29,000.00 |
| | 1.920 acres in Davidson County, NC | $18,750.00 | | | | $16,230.95 |
| 3. Ford Motor Credit | 2008 Ford F250 | $16,000.00 | $1,116.93 | As valued | 0.0% | $16,000.00 |
| 4. Internal Rev. Service | 250 Carlile Dr. Lexington, NC 27295 | $196,750.00 | $87,695.94 | As valued | 3.00% | $0.00 |
| | .220 acres on Carlile Dr. Lexington, NC 27295 | $1.00 | | | | $0.00 |
| | 7.93 acres in Swain County, NC | $29,000.00 | | | | $0.00 |
| | 1.920 acres in Davidson County, NC | $18,750.00 | | | | $2,519.05 |
| | Personal property | $43,250.00 | | | | $43,250.00 |
| 5. Cozart Lumber & Supply Co., Inc. | 250 Carlile Dr. Lexington, NC 27295 | $196,750.00 | $57,050.71 | As valued | 0.00% | $0.00 |
| | .220 acres on Carlile Dr. Lexington, NC 27295 | $1.00 | | | | $0.00 |
| | 1.920 acres in Davidson County, NC | $18,750.00 | | | | $0.00 |

b. Monthly Conduit Payment

| Creditor | Monthly Conduit Payment | |
|---|---|---|
| Affiliated Mortgage Svcs | $1,231.00 | (through 12/14, then $1,225.00 per month, beginning 01/01/15, per recent escrow analysis) |
| Fidelity Bank | $1,383.87 | (December payment to be paid as conduit payment by Trustee, subsequent payments to be paid directly to creditor, beginning with the January 2015 payment |

c. Pre-petition arrearage, if any, to be paid through the Chapter 13 Trustee:

| Creditor | Collateral | Pre-petition arrearage |
|---|---|---|
| Affiliated Mortgage Svcs | 250 Carlile Dr. Lexington, NC 27295 and .220 acres on Carlile Dr. Lexington, NC 27295 | $3,800.85 (Through 12/11/14, per Proof of Claim filed by creditor.) |
| Fidelity Bank | 250 Carlile Dr. Lexington, NC 27295; .220 acres on Carlile Dr., Lexington, NC 27295; 7.93 acres in Swain County, NC; and 1.920 acres in Davidson County, NC. | $11,679.35 (Arrearage through November 2014 to be paid through plan.) |

d. Pay interest on mortgage arrearage? Yes_____   No__X___   If yes, interest rate: ____%

e. Insurance information for all secured claims (real property or motor vehicles)

| Collateral | Insurance Agent and Address | Vehicle Mileage | VIN. |
|---|---|---|---|
| 250 Carlile Drive Lexington, NC 27295 | Allstate 59 S Talbert Blvd Lexington, NC 27292 | N/A | N/A |
| .220 acres on Carlile Drive Lexington, NC 27295 | Allstate 59 S Talbert Blvd Lexington, NC 27292 | N/A | N/A |
| 7.93 acres in Swain County, NC | Allstate 59 S Talbert Blvd Lexington, NC 27292 | N/A | N/A |
| 1.920 acres in Davidson County, NC | Allstate 59 S Talbert Blvd Lexington, NC 27292 | N/A | N/A |
| 2008 Ford F250 truck | Allstate 59 S Talbert Blvd Lexington, NC 27292 | 150,000, approx. | 1FTSX21Y58EE17228 |

**3.**   **Priority Claims**

a. Section 507(a)(2–10) Priority Claims other than DSO's   [ ] None **OR**

| Name | Claim Amount |
|---|---|
| Internal Revenue Service | $24,613.02 |
| NC Dept of Revenue | $5,189.45 |

b. Domestic Support Obligations ("DSOs") [ X ] None **OR**

| Name of Holder | Address | Telephone | Amt. of Any Pre-Pet. Arrearage |
|---|---|---|---|

**4.**   **Special Terms**

a. [ ] None

b. Brief Comment Explaining Direct Payment Treatment for Secured Claims under paragraph 2(a)

c. Special Treatment of Unsecured Claims and Explanation of Treatment

d. Other Special Terms:

    1. Affiliated Mortgage Services:  Arrears of $3,800.85 through 12/11/15, per Proof of Claim filed by Creditor, shall be paid through the plan.  Conduit payments shall be paid through the plan, beginning with the 12/01/14 payment, in the amount of $1,231.00 per month, then $1,225.00 per month, beginning 01/01/15, per recent escrow analysis.

    2. Fidelity Bank:  Arrears of $11,850.83 through November 2014 shall be paid through the plan.  This includes arrearage through 10/16/14 per Proof of Claim filed by Creditor, plus November payment of $1,383.87.  Trustee shall make a conduit payment of $1,383.87 from first monies paid by Debtors.  Debtors shall make all subsequent payments directly to Creditor, beginning with the 01/01/15 payment, in the amount of $1,383.87 per month.

    3. Cozart Lumber & Supply Co., Inc.  Upon information and belief, summary judgment was entered against Darrell Calhoun Construction, LLC, Darrell Calhoun, and Debra Calhoun, jointly and severally, in <u>Cozart Lumber Co., Inc. v. Darrell Calhoun Construction, LLC, Darrell Calhoun, and Debra Calhoun</u>, Davidson County, NC, 14-CVS-1599 in open court on October 6, 2014, prior to the filing of the petition in this case.  The Order for Summary Judgment was signed by the presiding Judge on October 17, 2014, but was not filed with the Clerk of Superior Court of Davidson County, NC until October 28, 2014.  Debtors filed their Chapter 13 petition in this case on October 26, 2014.  The Order for Summary Judgment was recorded after the petition was filed in this case, but Cozart maintains that the recording and entry of the Order was simply a "ministerial act" and that the date of the actual judgment was October 6, 2014 (<u>In re Knightsbridge Development Co, Inc</u>., 884 F.2d 145, 148 (4th Cir. 1989)).  Even if the entry of the judgment is not void as having been entered post-petition and in violation of the automatic stay, no equity exists in the property otherwise subject to the judgment lien to secure the claim of Cozart in this case.  However, Debtors maintain that entry of the judgment within 90 days of the filing of their petition constitutes an avoidable preference, pursuant to 11 USC Section 547, and hereby reserve their right to seek avoidance of same.

4. Wayne Sneed, d/b/a Sneed's Grading and Tree Service.  Judgment entered in <u>Wayne Sneed, d/b/a Sneed's Grading and Tree Service v. Darrell Calhoun, d/b/a Calhoun Construction, and Joseph Craig Miller, III</u>, Davidson County, NC, 14-CVM-619.  No writ of execution has been issued.  All real property of Debtors is owned as tenants by the entirety, so this judgment against male debtor only has not attached to any property of Debtors, and no lien exists to be avoided.  Debt will be treated as a general, unsecured claim in this case.

5. Seaman's Door Service, Inc.  Judgment entered in <u>Seaman's Door Service, Inc. v. Darrell Randell Calhoun, Sr.</u>, Davidson County, NC, 13-CVM-002004.  Writ of execution has been issued, but no property has been levied.  All real property of Debtors is owned as tenants by the entirety, so this judgment against male debtor only has not attached to any property of Debtors, and no lien exists to be avoided.  Debt will be treated as a general, unsecured claim in this case.

6. Portfolio Recovery Associates, Inc.  Judgment entered in <u>Portfolio Recovery Associates, Inc. v. Debra Calhoun</u>, Davidson County, NC, 13-CVD-001058.  Writ of execution has been issued, but no property has been levied.  All real property of Debtors is owned as tenants by the entirety, so this judgment against female debtor only has not attached to any property of Debtors, and no lien exists to be avoided.  Debt will be treated as a general, unsecured claim in this case.

7. G.W. Smith Lumber Company.  Judgment was entered in <u>G.W. Smith Lumber Company v.  Darrell R. Calhoun, Sr., and wife Debra A. Calhoun</u>, Davidson County, NC, 14-CVS-_____ on or about November 13, 2014 in the amount of $24,418.40, $4,302.02 in interest, plus costs.  Judgment was entered after the petition was filed in this case, and is null and void.  Debtors will seek to have judgment cancelled.  Because judgment was entered post-petition, no judgment lien has attached to any property of the Debtors, and there is no judgment lien to be avoided.  Debt will be treated as a general, unsecured claim in this case.

8. Internal Revenue Service.  Debtors propose to pay 3% interest on secured portion of claim, pursuant to Section 6621 of the Internal Revenue Code and Revenue Ruling 2014-29.

**5.     Plan Motions:**

a. Section 522(f) Personal Property and Household Goods Lien Avoidance:

<u>Creditor            Acct. # Last 4 Digits    Debt Amount Description of Property       </u>

NONE

b. Section 522(f) Judicial Lien Avoidance

<u>Creditor                          Judgment  Bk and Pg     Registry         Judgment Date      
Judgment  Amt.</u>

NONE

    Real property to which the lien attaches:  N/A
    Value of debtor(s) **equity** in this real property **before judgment** is:  $ N/A
    Amount of exemption **available to** claim in the real property:  $  N/A

c. Assumption or Rejection of Executory Contracts and Unexpired Leases

<u>Creditor               Assume or Reject      Amt. of Arrears in Plan              # of Months To Cure</u>

NONE

TAKE NOTICE:  Your rights may be affected. You should read this amendment to the Chapter 13 Plan carefully, including any motions contained in the amended plan, and discuss them with your attorney, if you have one, in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the Court to confirm the proposed plan of the debtor or debtors ("Debtor") as amended, including any of the motions included in the amended plan, or if you want the Court to consider your views on these matters, then you or your attorney must file with the Court a written objection to confirmation and request for hearing on confirmation at the following addresses:

Cases filed in the **Charlotte, Shelby, or Wilkesboro** Divisions:

Clerk, U.S. Bankruptcy Court, 401 West Trade St., Room 111, Charlotte, N.C. 28202

Cases filed in the **Asheville or Bryson City** Divisions:

Clerk, U.S. Bankruptcy Court, Room 112, 100 Otis Street, Asheville, N.C. 28801

Your objection to confirmation and request for hearing must include the specific reasons for your objection and must be filed with the Court no later than 14 days following the conclusion of the § 341 meeting of creditors, or within 14 days of service of the amendment, whichever is later.  If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it on or before the deadline stated above.  You must also serve a copy of your objection to confirmation on the Debtor at the address listed in the notice of the meeting of creditors.  The Debtor's attorney and the Chapter 13 Trustee will be served electronically.  If any objections to confirmation are filed with the Court, the objecting party will provide written notice of the date, time, and location of the hearing.  No hearing will be held unless an objection to confirmation is filed.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the proposed plan of the Debtor as amended, including any motions contained in the amended plan, and may enter an order confirming the amended plan and granting the motions.  **Any creditor's failure to object to confirmation of the proposed plan as amended shall constitute the creditor's acceptance of the treatment of its claim as proposed, pursuant to 11 U.S.C. § 1325(a)(5)(A).**

I declare under penalty of perjury that the information provided in the Amendment to Chapter 13 Plan, including Notice of Motion(s) for Valuation; Motion(s) to Avoid Certain Liens; and Motion(s) for Assumption and Rejection of Executory Contracts and Unexpired Leases; are true and correct as to all matters set forth herein.

Dated: 03/18/15                                         */s/ Darrell Randell Calhoun*
                                                        Debtor's Signature

Dated: 03/18/15                                         */s/ Debra Ann Calhoun*
                                                        Debtor's Signature

I hereby certify that I have reviewed this document with the Debtors and that the Debtors have received a copy of this document.

Dated: 03/18/15                                         */s/ Vera S. Goudes*
                                                        Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
14-31806

IN RE:

DARRELL RANDELL CALHOUN, SR., AND
DEBRA ANN CALHOUN,                                        Chapter 13
        Debtors.

_____

**CERTIFICATE OF SERVICE**

      The undersigned does hereby certify that she has this date served a copy of the Chapter 13 Plan on the parties listed below by depositing same in the United States mail, postage prepaid, and addressed as follows:

Warren L. Tadlock
Chapter 13 Trustee
5970 Fairview Road, Suite 650
Charlotte, NC 28210
VIA ECF/Electronic transmission

Joseph A. Davies
Attorney for Cozart Lumber & Supply Co, Inc
PO Box 2445
Raleigh, NC 27602

Internal Revenue Service
Central Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Dated: 03/19/15                     */s/ Vera S. Goudes*
                                                  Vera S. Goudes
                                                  Attorney for Debtors
                                                  NCSB # 16345

                                                  Post Office Box 34396
                                                  Charlotte, NC 28234
                                                  (704) 377-7080
                                                  vsgoudes@bellsouth.net